## VICTOR LITTLE ET AL. V. STATE OF NEBRASKA.

### FILED OCTOBER 7, 1910. No. 16,254.

Burglary: EVIDENCE: ADMISSIONS. If, in a prosecution in the district court of boys under the age of 18 years for the crime of burglary, it appears without dispute that they entered a plea of guilty during their preliminary hearing upon the advice of an officer, who had them in charge, that it would be to their advantage to do so, it is prejudicial error to receive in evidence, over the defendants' objections, proof of the contents of the complaint filed in the lower court and of their plea thereto.

ERROR to the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*A. M. Morrissey,* for plaintiffs in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

In the district court for Dawes county the plaintiffs in error, who will be hereinafter referred to as the defendants, were found guilty of the crime of burglary, and,

from the sentence imposed, have prosecuted error proceedings to this court.

The evidence is uncontradicted that, at the time of the transaction referred to, but one of the defendants was 17 years of age and the other defendants were about 15 years of age; that the defendants were beating their way west on the railway, and after a day in Chadron slept in a box car in the railway yards; that three boys, not implicated in the transaction herein referred to, preceded the defendants, inspected and passed by the refrigerator car alleged to have been burglarized, and noticed that the doors thereof were ajar; that four of the five defendants subsequently entered the refrigerator car, broke open a box therein, and took therefrom five pairs of boots. The boys discarded their shoes, put on the boots, and later gave to young Storms, who did not enter the car, a pair of boots which he substituted for his shoes. Three of the four defendants who entered the refrigerator car testified positively that the doors of the car were open when they approached it. One of the defendants did not testify. Two of the boys who were not implicated in the theft of the boots also positively testified that the doors of the car were partially open before the other boys made their entry therein. A police officer told the defendants, while they were in his custody, that he did not want them to go to the penitentiary, but he believed that if they would go before the judge, plead guilty, and tell him all of the facts, they would get a short sentence in the industrial school. During the afternoon of that day the defendants were arraigned in the county court upon a charge of burglariously entering a railway car with the intent to steal goods of the value of $20. The judge was under the impression that he had authority to commit the defendants to the industrial school. The county judge testified, in substance, that he informed the defendants that, if they were guilty and over 18 years of age, they would be sent to the penitentiary, but, if under that age, would be committed to the industrial school; that they were entitled to counsel

and a trial if they so desired. The defendants thereupon entered a plea of guilty, and the county judge first entered a judgment of conviction, but subsequently made an order binding them over to the district court. During the trial in the district court an employee of the railway company testified that the refrigerator car containing the boots in question arrived in the railway yards in Chadron during the night of the alleged burglary; that the witness inspected the car, and the doors were closed and the seals thereon intact. There is no evidence other than the testimony of the inspector and the admissions of the defendants even tending to prove that the car doors were closed at the time the defendants entered therein. The state was permitted, over the defendants' objections, to introduce the complaint filed in the county court and to prove that the defendants pleaded guilty thereto. The court instructed the jury that they should disregard any evidence of the defendants' admissions if such admissions were induced by promises or threats made the defendants by any person in authority over them.

In the state of the record, it seems to us the defendants' pleas of guilty entered in the county court should not have been received in evidence. The state's witness Hartzell, the policeman in charge of the defendants the day they were arraigned, admitted that he advised the boys to plead guilty. It also appears that the defendants understood they were pleading guilty to stealing the boots, but not to the crime of burglary. The difference between the crime of burglary and the misdemeanor of petit larceny was not explained to the boys. In *Heldt v. State*, 20 Neb. 492, Judge MAXWELL states the law: "The rule is well settled that a promise of benefit or favor, or a threat or intimation of disfavor connected with the subject of the charge, held out by a person having authority in the matter, will be sufficient to exclude a confession made in consequence of such inducement either of hope or fear." See, also, *Heddendorf v. State*, 85 Neb. 747. Generally, where the question is

presented, there is sufficient doubt either as to the existence of menaces or promises, or the effect produced thereby, if they were made, to justify submitting the question to a jury, as was done by the learned trial judge. In the instant case, as we view the record, there was no conflict in the evidence upon this subject. If the defendants' admissions are excluded from consideration, the evidence strongly preponderates in favor of a finding that they did not commit burglary in entering the car. The state is more interested in reforming than in punishing the defendants. The influence of a judgment of conviction for an alleged felony, which quite likely they did not commit, will not, it seems to us, advance the best interests of society or of the defendants.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.